IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**FRUTH, INC., individually and on behalf of
all those similarly situated,**

  Plaintiff,

v.                             Civil Action No. 2:25-cv-00751
                               Judge

**OPTUMRX, INC., EXPRESS SCRIPTS, INC.,
CAREMARK, L.L.C., AND CAREMARKPCS
HEALTH, L.L.C.,**

  Defendants.

## CLASS ACTION COMPLAINT FOR DECLARATORY AND STATUTORY RELIEF

  NOW COMES Plaintiff, Fruth, Inc., by and through counsel, Farmer, Cline & Campbell, PLLC, and files its Class Action Complaint for Declaratory and Statutory Relief ("Complaint"). This Complaint is brought on behalf of the Plaintiff, individually, and all other similarly situated licensed pharmacies within West Virginia for the Defendants' willful, intentional, and systematic violations of the *West Virginia Pharmacy Audit Integrity Act*, particularly *West Virginia Code* §§ 33-51-9(e) and (f).

## PARTIES

  1. Plaintiff, Fruth, Inc. ("Fruth Pharmacy"), is a West Virginia corporation, and maintains its principal place of business at 106 21st Street, Nitro 25143, Kanawha County, West Virginia. Plaintiff is a West Virginia citizen, and at all times relevant is a "Pharmacy" within the meaning of the *West Virginia Pharmacy Audit Integrity Act*.

2. Defendant OptumRx, Inc. ("OptumRx") is a California corporation, with its principal place of business at 1 Optum Circle, Eden Prairie, Minnesota. OptumRx is a pharmacy benefits manager ("PBM") licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

3. Defendant Express Scripts, Inc. ("Express Scripts") is a Delaware corporation, with its principal place of business located at One Express Way, St. Louis, Missouri. Express Scripts is a PBM licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

4. Defendant Caremark, L.L.C. and Defendant CaremarkPCS Health, L.L.C. (collectively "Caremark") are Delaware limited liability companies, with their principal place of business at One CVS Drive, Woonsocket, Rhode Island. Defendant Caremark is a wholly owned subsidiary of CVS Health Corporation, which is a Delaware corporation, with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island. Defendant Caremark is a PBM licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants because they conduct business in West Virginia as licensed PBMs and continue to commit violations of West Virginia statutory law.

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

7. Subject matter jurisdiction alternatively exists under the *Class Action Fairness Act*, 28 U.S.C. § 1332(d), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and diversity exists between the Defendants and at least one class member.

8. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. § 1391, because a substantial part of the events or omissions that give rise to Plaintiff's individual and class-wide claims took place within this district and the Defendants conduct business in this district.

## GENERAL ALLEGATIONS

*Fruth Pharmacy*

10. In 1952, Fruth Pharmacy was founded in Point Pleasant, West Virginia, by Jack Edward Fruth, R.Ph.

11. Since the beginning of Fruth Pharmacy, through 2024 it had grown to over twenty locations in West Virginia.

12. Fruth Pharmacy serviced areas such as Charleston, Nitro, Ripley, Winfield, Mineral Wells, Scott Depot, Hurricane, Point Pleasant, Huntington, Lavalette, and Milton, along with other locations.

13. Among those locations, Fruth Pharmacy employed over 500 people.

14. Fruth Pharmacy provided pharmacy services to the people of West Virginia, including but not limited to, customized medication, vitamin and nutritional supplements, medication therapy management service, compliance packaging service at select locations, home delivery service, immunizations, synchronization service, and specialty medications.

***West Virginia Pharmacy Audit Integrity Act***

15. The *West Virginia Pharmacy Audit Integrity Act* (the "Act") was originally passed by the West Virginia Legislature and enacted into law on June 4, 2018.

16. The Act, which regulates the conduct of PBMs, including the Defendants, has been amended from time-to-time.

17. In 2021, the West Virginia Legislature passed into law an amendment to the Act, particularly *West Virginia Code* §§ 33-51-9(e) and (f).

18. *West Virginia Code* § 33-51-9(e) makes it illegal for the Defendants to reimburse a pharmacy or pharmacist without including a "professional dispensing fee of $10.49."

19. *West Virginia Code* § 33-51-9(f) makes it illegal for the Defendants to "reimburse a pharmacy or pharmacist for a prescription drug or pharmacy service in an amount less than the amount the [PBM] reimburses itself or an affiliate for the same prescription drug or pharmacy service."

20. PBMs, including the Defendants, are required to ensure that their reimbursement methodologies comply with the Act, particularly *West Virginia Code* §§ 33-51-9(e) and (f). W. Va. C.S.R. § 114-99-4.2.17.

21. PBMs, including the Defendants, are prohibited from entering into a contract with a pharmacy that provides for reimbursement methodology not permissible under *West Virginia Code* § 33-51-9(e), namely reimbursement methodology that does not include a professional dispensing fee of $10.49.

22.     A contract entered by the PBMs, including the Defendants, with a pharmacy is unenforceable if the contract does not comply with the statutory reimbursement methodology required under *West Virginia Code* §§ 33-51-9(e) and (f).

23.     Since the Act was amended in 2021, the Defendants have intentionally, willfully, systematically, and with fraudulent intent engaged in an illegal scheme to violate *West Virginia Code* § 33-51-9(e) by failing to provide the Plaintiff and putative class members with a professional dispensing fee of $10.49 each time the Plaintiff and putative class members were reimbursed for prescription drugs and pharmacy services.

24.     Additionally, the Defendants have intentionally, willfully, systematically, and with fraudulent intent engaged in an illegal scheme to violate *West Virginia Code* § 33-51-9(f) by reimbursing their own affiliated pharmacies for prescription drugs and pharmacy services at rates much higher than the rates at which they have reimbursed the Plaintiff and putative class members for the same prescription drugs and pharmacy services.

25.     The Defendants' reimbursement methodologies have functioned in a manner that enables and facilitates an illegal scheme to violate *West Virginia Code* §§ 33-51-9(e) and (f).

26.     The purpose of the Defendants' illegal scheme to violate the Act was/is to steal money from Plaintiff and putative class members and thereby unjustly enrich themselves.

27.     In furtherance of their illegal scheme, each Defendant has undertaken a number of activities to cover up and fraudulently conceal its illegal activities for the purpose of frustrating Plaintiff's and putative class members' ability to detect the Defendants' illegal activities and enforce their rights under the Act.

28. *West Virginia Code* § 33-51-12(d) was enacted in 2021 and requires the Defendants, and all PBMs, to post on their websites significant quarterly reporting of their activities, which would expose their illegal activity.

29. To date, all of the Defendants have refused to post the necessary reporting on their websites in violation of *West Virginia Code* § 33-51-12(d).

30. The Defendants have refused to report as required by the Act because they aim to hide their illegal activity from Plaintiff, putative class members, and others in furtherance of their scheme to steal from the Plaintiff and putative class members and unjustly enrich themselves.

31. In furtherance of their illegal scheme to violate *West Virginia Code* §§ 33-51-9(e) and (f), each Defendant imposed unconscionable adhesive contracts which they have utilized specifically to violate the Act and to conceal those violations from the Plaintiff and putative class members.

32. In furtherance of their illegal scheme, each Defendant refused to make copies of these adhesive contracts available to the Plaintiff and putative class members.

33. The purpose of Defendants' refusal to allow Plaintiff and putative class members to have copies of the adhesive contract(s) is to fraudulently conceal their illegal scheme from Plaintiff and members of the class.

34. In furtherance of their illegal scheme, upon information and belief, the adhesive contracts contain broad and onerous choice of law provisions and arbitration clauses. These choice of law provisions deprive Plaintiff and putative members of the class of their rights under the Act by requiring Plaintiff's and putative members of the class' claims under West Virginia state law to be adjudicated under state law other than the West Virginia's law, as well as arbitration in a state other than West Virginia.

35. The Defendants' use of the adhesive contracts are in furtherance of the illegal scheme to deprive Plaintiff and putative members of the class of their rights by precluding the Plaintiff and putative members of the class from enforcing their rights and protection under *West Virginia Code* §§ 33-51-9(e) and (f) and permitting each Defendant to violate the law and unjustly enrich themselves in violation of the statutes and public policy of West Virginia.

36. In furtherance of their illegal scheme, the Defendants have imposed their adhesive contracts on the Plaintiff and members of the class in spite of their knowledge that the United States Supreme Court has held such contracts to be unenforceable as a matter of law. Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 133 S. Ct. 2304 (2013); Preston v. Ferrer, 552 U.S. 346, 128 S. Ct. 978 (2008).

37. In furtherance of their illegal scheme, the Defendants have utilized and surreptitiously used the adhesive contracts to illegally violate their obligations and Plaintiff's and putative class members' rights under *West Virginia Code* §§ 33-51-9(e) and (f), thereby utilizing the adhesive contracts for an illegal purpose.

38. Defendants have utilized and surreptitiously used their adhesive and unconscionable contracts to illegally violate Plaintiff's and putative class members' rights under the Act, thereby utilizing the adhesive contracts for an illegal purpose. The adhesive contracts are therefore void. See Cimino v. Bd. of Educ., 210 S.E.2d 485, 489-90 (W. Va. 1974).

39. The Defendants' unconscionable actions in using these adhesive contracts to unjustly enrich themselves and steal millions of dollars from the Plaintiff and putative members of the class by violating the Act render the contracts void as unconscionable.

7

40. The Defendants' illegal and unconscionable conduct have damaged the Plaintiff and putative class members.

*Facts Relating to the Named Plaintiff*

41. For over seventy years, Fruth Pharmacy has serviced people in West Virginia by providing prescription drugs and pharmacy services.

42. Over the years, Fruth Pharmacy dispensed thousands if not millions of prescription drugs each year.

43. Despite the Act's mandate, the Defendants reimbursed Fruth Pharmacy for prescription drugs and/or pharmacy services without including a professional dispensing fee of $10.49 in violation of West Virginia Code § 33-51-9(e).

44. Additionally, the Defendants reimbursed Fruth Pharmacy for prescription drugs and/or pharmacy services in amounts less than the amounts Defendants reimbursed themselves or affiliated pharmacies for the same prescription drugs and/or pharmacy services in violation of *West Virginia Code* § 33-51-9(f).

45. In direct violation of West Virginia public policy, Defendants relied on and continue to rely on reimbursement methodologies that do not comply with plain language and public policy of the Act, specifically *West Virginia Code* §§ 33-51-9(e) and (f).

46. As a result of the Defendants' illegal conduct, the Defendants have unjustly enriched themselves.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the West Virginia Pharmacy Audit Integrity Act
*West Virginia Code* § 33-51-9(f)

47. Plaintiff realleges and incorporates each allegation in this Complaint as if fully set forth herein.

48. The Act makes it illegal for a PBM to "reimburse a pharmacy or pharmacist for a prescription drug or pharmacy service in an amount less than the amount the [PBM] reimburses itself or an affiliate for the same prescription drug or pharmacy service." W. Va. Code § 33-51-9(f).

49. The Defendants have reimbursed their affiliated pharmacies at rates higher than they reimbursed Plaintiff and putative class members for the same prescription drugs and/or pharmacy services.

50. By doing so, in flagrant contravention of the Act, the Defendants have unjustly enriched themselves with millions of dollars and caused Plaintiff and putative class members irreparable harm and damages.

51. The damages suffered by the Plaintiff and members of the class were the result of the conduct that was carried out by the Defendants with actual malice toward the Plaintiff and members of the class.

### COUNT II
### Violation of West Virginia Pharmacy Audit Integrity Act
*West Virginia Code* § 33-51-9(e)

52. Plaintiff realleges and incorporates each allegation in this Complaint as if fully set forth herein.

9

53. The Act makes it illegal for a PBM to reimburse the Plaintiff and putative class members without including a professional dispensing fee of $10.49 each time the Plaintiff and putative class members were reimbursed for prescription drugs and pharmacy services. W. Va. Code § 33-51-9(e).

54. The Defendants have failed to provide Plaintiff and putative class members with a professional dispensing fee of $10.49 each time the Defendants reimbursed the Plaintiff and putative class members for prescription drugs and pharmacy services.

55. By doing so, in flagrant contravention of the Act, the Defendants have unjustly enriched themselves with millions of dollars and caused Plaintiff and putative class members irreparable harm and damages.

56. The damages suffered by the Plaintiff and members of the class were the result of the conduct that was carried out by the Defendants with actual malice toward the Plaintiff and members of the class.

### COUNT III
### Declaratory Judgment
### 28 U.S.C. § 2201

57. Plaintiff realleges and incorporates each allegation in this Complaint as if fully set forth herein.

58. Plaintiff, on behalf of itself and all class members, asks the Court to declare:

   a. *West Virginia Code* § 33-51-9(f) creates a legal obligation on Defendants to reimburse Plaintiff and putative class members in an amount no less than they reimburse themselves or their affiliates;

   b. *West Virginia Code* § 33-51-9(f) creates a right in Plaintiff and putative class members to be reimbursed in an amount no less than Defendants reimburse themselves and/or affiliates;

    c.    *West Virginia Code* § 33-51-9(e) creates a legal obligation on Defendants to provide a professional dispensing fee of $10.49 to Plaintiff and putative class members each time Defendants reimburse Plaintiff and putative class members for prescription drugs and pharmacy services;

    d.    *West Virginia Code* § 33-51-9(e) creates a right in Plaintiff and putative class members to be provided a professional dispensing fee of $10.49 each time Defendants reimburse Plaintiff and putative class members for prescription drugs and pharmacy services;

    e.    Any contract by Defendants which purports to require Plaintiff and/or putative class members to arbitrate their claims under a law other than *West Virginia Code* §§ 33-51-9(e) and (f) is unenforceable; and

    f.    Defendants entered into contracts with Plaintiff and/or the putative class members that contain reimbursement methodologies not permissible by *West Virginia Code* §§ 33-51-9(e) and/or (f), rendering those contracts unenforceable as a matter of law.

## **THE PROPOSED CLASS**

59.    This action is also filed as a class action. The named Plaintiff brings this action on its own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the *Federal Rules of Civil Procedure*. The Class is tentatively defined as:

> All licensed pharmacies: (a) located in West Virginia not affiliated with a pharmacy benefit manager and constitutes a "pharmacy" within the meaning of the Act; (b) that, at any time on or after June 28, 2021, were reimbursed by any named Defendant for prescription drugs or pharmacy services in an amount less than the amount any named Defendant reimbursed itself or an affiliated pharmacy for the same prescription drugs or pharmacy services in violation of *West Virginia Code* § 33-51-9(f); and (c) that, at any time on or after June 28, 2021, were reimbursed by any named Defendant for prescription drugs or services without a professional dispensing fee of $10.49 in violation of *West Virginia Code* § 33-51-9(e).

60.    Excluded from the Class are:

    a.    The named Defendants and their parent companies, subsidiaries, affiliates,

11

          and related entities;

    b.     PBMs and their parent companies, subsidiaries, affiliates, and related entities;

    c.     Any pharmacy that is an affiliate of a PBM;

    d.     Governmental entities;

    e.     The Court and its staff; and

    f.     Counsel for the parties.

61.     The Class consists of over 100 pharmacies not affiliated with PBMs, and within the meaning of a "pharmacy" under the Act, located throughout the State of West Virginia. Joinder of all members is impracticable.

62.     There exist numerous common questions of law and fact, including but not limited to:

    a.     Whether *West Virginia Code* § 33-51-9(f) requires PBMs to reimburse West Virginia pharmacies not affiliated with PBMs;

    b.     Whether *West Virginia Code* § 33-51-9(e) requires PBMs to include a professional dispensing fee of $10.49 each time a pharmacy located in West Virginia and not affiliated with PBMs are reimbursed for prescription drugs and pharmacy services;

    c.     Whether the Defendants' reimbursement of West Virginia pharmacies not affiliated with PBMs violated *West Virginia Code* § 33-51-9(f);

    d.     Whether the Defendants' failure to include a professional dispensing fee of $10.49 each time the Defendants reimbursed West Virginia pharmacies not affiliated with PBMs violated *West Virginia Code* § 33-51-9(e);

    e.     Whether Defendants' reimbursement methodologies and business practices violated *West Virginia Code* §§ 33-51-9(e) and/or (f);

    f.     Whether Defendants' reimbursement methodologies and business practices are unlawful, illegal, and/or against West Virginia public policy;

  g.  Whether Defendants violated *West Virginia Code* § 33-51-9(f) by reimbursing Plaintiff and the Class for prescription drugs or pharmacy services in amounts less than the amount the Defendants reimbursed themselves or affiliated pharmacies for the same prescription drugs or pharmacy services;

  h.  Whether Defendants' reimbursement methodologies unlawfully departed from the mandate in *West Virginia Code* §§ 33-51-9(e) and/or (f);

  i.  Whether Plaintiff and the Class were damaged by Defendants' statutory violations;

  j.  Whether Plaintiff and the Class are entitled to actual, compensatory, and/or statutory damages as a result of Defendants' statutory violations;

  k.  Whether Plaintiff and the Class are entitled to punitive damages as a result of Defendants' statutory violations;

  l.  Whether Plaintiff and the Class are entitled to reasonable attorney's fees and costs;

  m.  Whether Defendants were unjustly enriched by reimbursing Plaintiff and the Class for prescription drugs or pharmacy services in amounts less than the amount the Defendants reimbursed themselves or affiliated pharmacies for the same prescription drugs or pharmacy services;

  n.  Whether Defendants were unjustly enriched by failing to include a professional dispensing fee of $10.49 each time the Defendants reimbursed the Plaintiff and the Class for prescription drugs or pharmacy services; and

  o.  The proper measure and method for calculating damages and restitution on a class-wide basis.

63. Plaintiff's claims are typical of the claims of the Class because Plaintiff, like every Class member, was (a) reimbursed for prescription drugs and pharmacy services by the Defendants in an amount less than the amount the Defendants reimbursed themselves or affiliated pharmacies for the same prescription drugs and pharmacy services; and (b) not provided a professional dispensing fee of $10.49 each time the Defendants reimbursed the Plaintiff and the Class for

prescription drugs and pharmacy services.

64. Plaintiff is an adequate class representative because its interests do not conflict with the interests of the class members, and Plaintiff will adequately and fairly protect the interests of the class members. Plaintiff has taken actions before filing this Complaint by hiring skilled and experienced counsel.

65. Common questions of law and fact predominate over questions affecting only individual class members.

66. A class action is the superior method for fair and efficient adjudication of this controversy.

67. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

68. The Class is appropriate for certification under Rule 23(b)(2) of the *Federal Rules of Civil Procedure* because Defendants have acted or refused to act on grounds that apply generally to the Class, making appropriate final damages and corresponding declaratory relief with respect to the Class as a whole.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff, Fruth, Inc., requests that judgment be entered in favor of itself and for all class members similarly situated and against Defendants in the following respects:

1. Certify this case as a class action under Rule 23 of the *Federal Rules of Civil Procedure*, and denominate Plaintiff as the representative for the class and its undersigned counsel as counsel for the class;

2. Declaratory relief as set forth in Count III above;

3. Actual and compensatory damages incurred by Plaintiff and all class members, in an amount to be determined by a jury;

4. Punitive damages, to the extent warranted by the facts and applicable law;

5. Pre-judgment and post-judgment interest, as allowed by law;

6. Attorneys' fees, costs, and expenses incurred in relation to this action;

7. Award appropriate and necessary equitable relief for Plaintiff and class members;

8. Enter judgment against the Defendants and in favor of the Plaintiff and the class on all claims; and

9. Any other relief deemed appropriate by this Court.

**FRUTH, INC.,**

**Plaintiff,**

**By Counsel:**

*/s/Stephen B. Farmer*
STEPHEN B. FARMER (WVSB No. 1165)
MATTHEW H. NELSON (WVSB No 10140)
CHRISTIAN A. HUFFMAN (WVSB No. 14205)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990